Meyer Law Group, LLP
Michael H. Meyer, SBN 82336
268 Bush Street #3639
San Francisco, CA 94104
Phone: (415) 765-1588
Fax:    (415) 762-5277
michael@meyerllp.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| IN RE: | Bankruptcy Case No.: 11-10231 |
| RMS PROPERTIES, LLC, | Chapter 11 |
| Debtor. | Assigned to the Honorable Alan Jaroslovsky |
| | DEBTOR'S DISCLOSURE STATEMENT |

**DEBTOR'S DISCLOSURE STATEMENT**

Debtor's Disclosure Statement

## I. INTRODUCTION

RMS Properties, LLC, Debtor herein, hereafter referred to as "Debtor" submit this Disclosure Statement to all of their known creditors and interest holders entitled to the same pursuant to section 1125 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. ("the Bankruptcy Code"). The purpose of this Disclosure Statement is to provide creditors of the Debtor with such information as may be deemed material, important, and necessary in order to make a reasonably informed decision in exercising the right to vote on the Debtor's Chapter 11 Plan (the "Plan") described below. The Debtor's Chapter 11 Plan has been filed with this Court.

NO REPRESENTATIONS CONCERNING THE DEBTOR (INCLUDING THE VALUE OF ASSETS, ANY PROPERTY, AND CREDITORS CLAIMS) INCONSISTENT WITH ANYTHING CONTAINED HEREIN HAVE BEEN AUTHORIZED. Except as otherwise expressly stated, the portions of this Disclosure Statement describing the Debtor and the Plan have been prepared from information obtained from the Debtors.

Under the Plan, all Secured claims, to the extent allowed as secured claims pursuant to 11 U.S.C. § 506, and to the extent of the validity of the security interest, as determined by the Court and not otherwise avoidable, will be paid or the collateral securing said claims will be surrendered to the secured creditor. Unsecured claims shall be paid from sale of any assets, to the extent any proceeds are remaining after payment of administrative claims, priority claims, secured claims and costs of sale. The Debtor projects that the amount to be distributed under the Plan to holders of allowed unsecured claims would equal to or exceed that distributable in Chapter 7.

Liquidation under a Chapter 7 could take considerable time before distribution is made, if any, and additional administrative expenses would be incurred. Tax consequences of liquidation, expenses of sale, professional fees, and trustee's fees are administrative expenses in a Chapter 7 liquidation and paid before prepetition claims are paid. Administrative expenses of Chapter 11 are also paid prior to payment of prepetition claims. The Liquidation Analysis shows that unsecured creditors would receive a distribution on liquidation of the assets assuming that the costs of sale and any liens on the personal or real property are less than the gross sale proceeds.

Debtor's Disclosure Statement

-2-

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104

The Debtor's Plan provides for payments on claims secured by consensual liens on the real property from a transfer of all the property asserted as collateral for the claim to the creditor in satisfaction of the creditors filed claim. Debtor scheduled non-disputed general unsecured claims in the about of $111,149.81. To date, filed general unsecured claims exceed the amount of the scheduled claims by $76,596.49, for a total of $188,149.00. Debtor asserts that if the secured real property creditor's claim was valued, and the result was a general unsecured claim of $1,000,000.00, that based thereon the total unsecured claims would total $1,188,149.00. Based on the scheduled and filed claims, Debtor estimates that monies available for distribution to allowed unsecured claims would be approximately $50,000.00, after costs of sale and payment of priority claims. Assuming unsecured claims of $1,188,149.00, the return to unsecured creditors would be $39,562.00. Under the proposed plan, the unsecured claims would receive $50,000.00 in that the secured creditor will receive the collateral in full satisfaction of their claim. Debtor's opinion of liquidation value of the assets is set forth in Exhibit A attached hereto. Based upon Debtor's estimated liquidated value and expenses of liquidation, unsecured creditors would receive approximately 10% upon liquidation under Chapter 7, assuming the values hold at Debtor's current estimation of value. The above estimations assume that the secured creditor's claim is not valued under section 506 and have said claim treated, in part, as a general unsecured claims.

## II.     FILING OF REORGANIZATION CASE

On January 25, 2011, Debtor filed their petition pursuant to Chapter 11 of the United States Bankruptcy Code. Since that time, Debtor has remained in possession of the property as debtor in possession.

Following confirmation of the Plan, the Debtor intends to transfer the collateral claimed by the secured creditor Willamette Capital in full satisfaction of the secured creditors claim. The debtor intends to offer for sale the personal property and from the sale pay the costs of liquidation, then in the order of their priority all priority claims and then to unsecured non-priority claims pro-rata.

Debtor's Disclosure Statement

///

### III. MANNER OF VOTING

All creditors entitled to vote on the Plan may cast their votes for or against the Plan by completing, dating, signing, and causing the Ballot Form accompanying this Disclosure Statement, to be sent to the Debtor's counsel prior to the date set by the Court for the filing of such ballots.

### IV. CONFIRMATION OF THE PLAN

1. <u>Solicitation and Acceptance</u>: this Disclosure Statement has been approved by the Bankruptcy Court in accordance with section 1125 of the Bankruptcy Code and is provided to each creditor, whose claim has been scheduled by the Debtor or who has filed a Proof of Claim against the Debtor, and to each interest holder of record as of the date of approval of this Disclosure Statement. This Disclosure Statement is intended to assist creditors and interest holders in evaluating the Plan and in determining whether to accept the Plan. Under the Bankruptcy Code, acceptance of the Plan may not be solicited, unless a copy of this Disclosure Statement is received prior to, or concurrently with, such solicitation.

2. <u>Persons Entitled to Vote on Plan</u>: only the votes of Classes of claimants, and interest holders, which are impaired by the plan, are counted in connection with confirmation of the Plan. Generally, and subject to the specific provisions of Bankruptcy Code section 1124, this includes creditors who, under the Plan, will receive less than payment in full of their creditor's claims.

In determining acceptance of the Plan, votes will only be counted if submitted by a creditor whose claim is duly scheduled by the Debtor, as undisputed, non-contingent, and unliquidated, or who, prior to the hearing on confirmation, has filed with the court a Proof of Claim, which has not been disallowed or suspended prior to computation of the votes on the Plan. The Ballot form, which you receive, does not constitute a Proof of Claim. If you are in any way uncertain whether or not your claim has been correctly scheduled, you should review the Debtor's schedules, which are on file in the Bankruptcy Court. The clerk of the Bankruptcy Court will not provide this information by telephone.

3. <u>Hearing on Confirmation</u>: the Bankruptcy Court will set a hearing to determine whether the Plan has been accepted by the requisite number of creditors and interest holders and whether the other requirements of confirmation of the Plan have been satisfied. Each creditor and interest holder will receive, either with this Disclosure Statement or separately, the Bankruptcy Court's Notice of Hearing on Confirmation of the Plan.

4. <u>Acceptance Necessary to Confirm Plan</u>: at the scheduled hearing, the Bankruptcy Court must determine, among other things, whether the Plan has been accepted by each impaired Class. Under Bankruptcy Code section 1125, an impaired Class is deemed to have accepted the Plan if at least two-thirds in amount and more than one-half in number of the allowed claims or interest of Class members, who have voted to accept or reject the Plan, have voted for acceptance of the Plan. Further, unless there is unanimous acceptance of the Plan by an impaired Class, the Bankruptcy Court must also determine that under the Plan Class members will receive property of a value, as of the effective date of the Plan, that is not less than the amount that such Class members would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on the effective date of the Plan.

5. <u>Confirmation of Plan Without Necessary Acceptance</u>: the Plan may be confirmed, even if it is not accepted by one or all of the impaired Classes, if the Bankruptcy Court finds that the Plan does not discriminate unfairly against, and is fair and equitable, as to such Class or Classes.

A. DEBTOR AND HISTORICAL BACKGROUND: Debtor, RMS Properties LLC, a Limited Liability Company (hereinafter "debtor") owns a 1740 acre recreational ranch in Hotchkiss, Colorado. The property was purchased in 2006 for 3.75 million dollars. After the purchase, the Debtor improved the real property and invested approximately an additional 2.1 million dollars. There is a large structure currently under construction, which is approximately 30% complete, and when completed, will be a 10,119 square feet structure above ground, and contain a 1,800 square foot basement. In addition, the Debtor owns various personal property items, which are scheduled on Exhibit A, attached hereto.

B. THE PLAN: the Plan divides claims and interests into seven (7) classes. The classes consist of the following:

3.01. Class 1 Claims: Allowed claims entitled to priority pursuant to Section 507 of the Code.

3.02. Class 2 Claims: Allowed secured claim of Toyota Financial Services secured by a 2007 Toyota Highlander.

3.03. Class 3 Claims: Allowed secured claim of the County of Delta based upon the secured tax roll and secured by real property.

3.04. Class 4 Claims: Allowed secured claim of Willamette Capital Management LTD, alleged successor in interest to Yosemite Mortgage Fund II, LLC, secured among others by a deed of trust on the real property located at 18391, 18393, 18395, 18397, 3100 Road Hotchkiss, Colorado.

3.05. Class 5 Claims: Allowed claims of any creditor asserting a storage lien on any personal property of Debtor.

3.06. Class 6 Claims: Allowed claims of creditors other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 claims, and Class 7 interests, including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts, and secured creditors, to the extent that the Court finds the same unsecured in whole or in part.

3.07. Class 7 Interests: Allowed interests of Debtor.

The Plan treats the Classes as follows:

1. Class 1 Claims are impaired. Holders of allowed Class 1 Claims shall be paid in full upon sale of the real property or the personal property described herein and upon close of escrow.

2. Class 2 Claims are not impaired. Holders of allowed Class 2 claims shall be or have been paid in full by Jayne Slayton.

///

Debtor's Disclosure Statement

-6-

Case: 11-10231    Doc# 41    Filed: 11/07/11    Entered: 11/07/11 21:43:35    Page 6 of 9

3. <u>Class 3 Claims are impaired</u>. Holders of allowed Class 3 claims shall retain their liens on the real property which property shall be transferred to the secured claim holder.

4. <u>Class 4 Claims are impaired</u>. Holders of allowed Class 4 claims shall receive the collateral in which the creditor asserts an interest in full satisfaction of their filed claim and any security interest thereunder.

5. <u>Class 5 Claims are impaired</u>. Holders of allowed Class 5 claims shall be paid the amount of their valid secured lien as authorized by California Code of Civil Procedure § 3051.

6. <u>Class 6 Claims are impaired</u>. Holders of allowed Class 6 claims shall be paid pro-rata based on their allowed claims upon sale of the personal property and close of escrow.

7. <u>Class 7 Interests are impaired</u>. Holders of allowed Class 7 Interests shall retain such interests, subject to the terms of the Plan.

C. <u>THE PLAN PROVIDES FOR A MEANS OF EXECUTION AS FOLLOWS</u>:

1. With respect to the real property, the Debtor will transfer to the secured creditor the collateral claimed by the creditor as collateral for the debt to the creditor in full satisfaction of the claim filed by said creditor.

2. With resect to the personal property owned by the Debtor, the Debtor will offer for sale the personal property, and in that regard, will employ an auctioneer, if necessary, to sell all personal property for the best price using reasonable efforts to offer the property to potential buyers. From the sale of the personal property, the costs of sale shall be paid and the remaining funds paid as set forth in the Debtor's plan.

3. No party shall take any action against Debtor, their assets, or assets of the estate, inconsistent with the terms of the within Plan.

4. Debtor may bring motions to determine the secured interest of any secured class pursuant to Section 506 of the Code at any time before or after confirmation of the Plan.

5. Debtor shall comply with post-confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee's fees post-confirmation until entry of Final Order as required by law. Nothing contained in the Plan shall impose or expand the requirements for

reporting and payment of fees as set forth by statute and/or case law. In the event the case is converted to a case under Chapter 7, the assets shall revest in the Chapter 7 estate.

      6.      Any sale or refinance of property as provided herein may be made free and clear of liens as provided in the Code. The Court shall specifically reserve jurisdiction to implement the Plan, to approve sale of property, and to direct such sale of property free and clear of lien where necessary or appropriate.

      7.      Debtor reserve rights to object to any claim filed in the case and to assert any and all counterclaims against any party filing such a claim.

      D:      <u>THE PLAN IS FEASIBLE AND SHOULD BE CONFIRMED</u>: the assets and liabilities of the Debtor are set forth in the Debtor's Schedules, on file with the Bankruptcy Court. The Proponents believe that the terms of the Plan are feasible, and that they will be able to perform under the Plan. The Debtor requests confirmation of the Plan.

Dated: November 7, 2011

                                  /S/ MICHAEL H. MEYER
                                  Michael H. Meyer
                                  Attorney for Debtor

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104

# **EXHIBIT A**

| Liquidation Analysis | | | | |
|---|---|---|---|---|
| Asset | Current Value | Encumbrance | Cost of Sale | Net |
| Real Property | 3,500,000 to 6,000,000 | 6,000,000 | 500,000.00 | 0.00 |
| Lodge Furnishings | 63,487.73 | 200.00 | 15,871.93 | 47,415.80 |
| Building Materials | 15,000.00 | 1,000.00 | 3,375.00 | 10,250.00 |
| Art Objects | 5,000.00 | 0.00 | 1,250.00 | 3,750.00 |
| Grazing Lease | 0.00 | 0.00 | 0.00 | 0.00 |
| 2 Honda ATV's | 1,000.00 | 0.00 | 250.00 | 750.00 |
| 2007 Toyota | 5,000.00 | 0.00 | 0.00 | 5,000.00 |
| 1994 Ford Motor Home | 2,500.00 | 0.00 | 500.00 | 2,000.00 |
| Water Rights | (Transfer to Willamette Capital) | | | |
| Total | | | | 69,290.80 |

Debtor's Disclosure Statement