Meyer Law Group, LLP
Michael H. Meyer, SBN 82336
268 Bush Street #3639
San Francisco, CA 94104
Phone: (415) 765-1588
Fax:    (415) 762-5277
michel@meyerllp.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| IN RE:<br><br>RMS PROPERTIES, LLC,<br><br>    Debtor. | Bankruptcy Case No.: 11-10231<br><br>Chapter 11<br><br>Assigned to the<br>Honorable Alan Jaroslovsky<br><br>DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION |

**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

RMS PROPERTIES, LLC, Debtor herein, proposes the following Plan pursuant to Title 11, Chapter 11, of the United States Bankruptcy Code:

# ARTICLE I
# DEFINITIONS

For purposes of the Plan, the following terms shall have the meanings hereinafter set forth:

1.01. <u>Allowed claim</u>: shall mean a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Rule 3001, or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3001, or by Order of the Court, or as to which any such objection has been determined which is no longer subject to appeal or certiorari and as to which no appeal or certiorari proceeding is pending.

1.02. <u>Allowed Secured Claim</u>: shall mean the Allowed Claim secured by a lien, security interest or other charge against the property in which Debtor has an interest, or which is subject to setoff under Section 553 of the Code to the extent of the value (determined in accordance with 506(a) of the Code) of the interest of the holder of such Allowed Claim in Debtors' interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.03. <u>Claim</u>: shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtors in existence on or as of the Petition Date, whether or not such right to payment or right to equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured, unsecured, known or unknown.

1.04. <u>Class</u>: shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.05. <u>Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Interests</u>: shall mean Allowed Claims and Interests so classified in

Debtor's Chapter 11 Plan

-2-

Sections 3.01 through 3.14 respectively.

1.06. <u>Bankruptcy Code</u>: shall mean the Bankruptcy Code, 11 U.S.C. section 101, et seq., and any amendments thereof.

1.07. <u>Bankruptcy Court</u>: shall mean the United States Bankruptcy Court for the Northern District Of California in which the Debtors' Chapter 11 case, pursuant to which the Plan is proposed, is pending and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.08. <u>Confirmation Date</u>: shall mean the date upon which the Order of Confirmation is entered by the Court.

1.09. <u>Debtor or Debtors</u>: means the Debtor or Debtors in this Chapter 11 case.

1.10. <u>Market Rate of Interest</u>: means the Federal Judgment Rate in effect on the Confirmation Date or such other rate of interest as the Court determines at the time of confirmation.

1.11. <u>Order of Confirmation</u>: means the Order entered by the Court confirming the "Plan" in accordance with provisions of Chapter 11 of the Bankruptcy Code.

1.12 <u>Petition Date</u>: means January 25, 2011, the date of filing of the voluntary petition.

1.13 <u>Plan</u>: mean this Chapter 11 Plan, as may be amended or modified in accordance with the Code.

1.14. <u>Rules</u>: means Bankruptcy Rules, as amended and supplemented by the Suggested Interim Bankruptcy Rules, as adopted by the Court.

## ARTICLE II
## EXPENSES OF ADMINISTRATION

2.01. Administrative expenses of Debtor's Chapter 11 case allowed pursuant to Section 503(b) of the Code shall be paid in full at the Confirmation Date, unless otherwise Ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder of such claims and Debtors. Any fees due the U.S. Trustee, and unpaid on the Confirmation Date, shall be paid in full on or before the Confirmation Date.

# ARTICLE III
# CLASSIFICATION OF CLAIMS

The Claims are classified as follows:

3.01. <u>Class 1 Claims</u>: Allowed claims entitled to priority pursuant to Section 507 of the Code.

3.02. <u>Class 2 Claims</u>: Allowed secured claim of Toyota Financial Services secured by a 2007 Toyota Highlander.

3.03. <u>Class 3 Claims</u>: Allowed secured claim of the County of Delta based upon the secured tax roll and secured by real property.

3.04. <u>Class 4 Claims</u>: Allowed secured claim of Willamette Capital Management LTD, alleged successor in interest to Yosemite Mortgage Fund II, LLC, secured by a deed of trust on the real property located at 18391, 18393, 18395, 18397, 3100 Road Hotchkiss, Colorado.

3.05. <u>Class 5 Claims</u>: Allowed claims of any creditor asserting a storage lien on any personal property of the debt.

3.06. <u>Class 6 Claims</u>: Allowed claims of any creditor other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims and Class 7 Interests, including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part.

3.07 <u>Class 7 Interests</u>: Allowed interests of Debtors.

# ARTICLE IV
# CLAIMS NOT IMPAIRED UNDER THE PLAN

4.01. There are no Classes unimpaired under the Plan except for Class 2.

# ARTICLE V
# TREATMENT OF IMPAIRED CLASSES OF CLAIMS

5.01. <u>Class 1 Claims are impaired</u>. Holders of allowed Class 1 Claims shall be paid in full upon sale of the personal property described herein and receipt of the funds from such sale.

5.02. <u>Class 2 Claims are unimpaired</u>. Holders of allowed Class 2 claims shall retain their interests in the personal property to the extent the lien has not been paid in full.

5.03. <u>Class 3 Claims are impaired</u>. Holders of allowed Class 3 claims shall be entitled to exercise all rights and remedies available under state law upon transfer of the property described below. Such holders shall retain their lien on the collateral.

5.04. <u>Class 4 Claims are impaired</u>. Holders of allowed Class 4 claims, upon confirmation of the plan by the court, shall receive by conveyance to such holders all collateral subject to creditor's claim in full satisfaction of the creditor's filed claim.

5.05. <u>Class 5 Claims are impaired</u>. Holders of allowed Class 5 claims shall be paid pro-rata based on their allowed claims upon sale of the personal property and satisfaction of administrative claims, and class one claims.

5.06. <u>Class 6 Interests are impaired</u>. Holders of allowed Class 6 Interests shall retain such interests subject to the terms of the Plan.

## ARTICLE VI
## TREATMENT OF EXECUTORY CONTRACTS

6.01. <u>Executory Contracts Assumed</u>. All executor contracts are rejected.

## ARTICLE VII
## MEANS FOR THE PLAN'S EXECUTION

7.01. Upon confirmation, the Debtor shall convey to the secured class four creditor the real property of the Debtor, including all water stock related thereto in full satisfaction of the creditor's claim.

7.02. Debtor shall sell the motor vehicle subject to the lien if any of the secured creditor to Jayne Slayton for $5,000.00 and a credit for $6,000.00 paid on the debt to Toyota.

7.03 With resect to the personal property owned by the Debtor, the Debtor will offer for sale the personal property and in that regard will employ an auctioneer, if necessary, to sell all personal property for the best price using reasonable efforts to offer the property to potential buyers. From the sale of the personal property the costs of sale shall be paid and the remaining

Debtor's Chapter 11 Plan

-5-

funds paid as set forth in the debtors plan.

7.04. No party shall take any action against the Debtor, their assets, or assets of the estate inconsistent with the terms of the within Plan.

7.05 Debtor may bring motions to determine the secured interest of any secured class pursuant to Section 506 of the Code at any time before or after confirmation of the Plan.

7.06. Debtor shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of Final Order as required by law. Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law. In the event the case is converted to a case under Chapter 7, the assets shall revest in the Chapter 7 estate.

7.07. Any sale or refinance of property as provided herein may be made free and clear of liens as provided in the Code. The Court shall specifically reserve jurisdiction to implement the Plan, to approve sale of property, and to direct such sale of property free and clear of lien where necessary or appropriate.

7.08. Debtor reserves rights to object to any claim filed in the case and to assert any and all counterclaims against any party filing such a claim.

## ARTICLE VIII
## RETENTION OF JURISDICTION

8.01. Notwithstanding Confirmation of the Plan, the Court shall retain jurisdiction for, inter alia, the following purposes:

1. Determination of the allowability of claims upon objection to such claims by the Debtors based upon any provision of law, including, but not limited to any right of set off, counterclaims, statute of limitations, and any and all defenses thereto;

2. Determination of the validity, priority and extent of liens under any applicable provision of law, including, but not limited to Rules of Professional Conduct;

3. Determination of requests for payment of claims entitled to priority under Bankruptcy Code Section 507(a)(1), including compensation of parties entitled thereto;

4. Determination of any counter claims against any party filing a claim in the case;

5. Resolution of any disputes regarding the interpretation of the Plan;

6. Implementation of the provisions of the Plan and entry of Orders in aid of confirmation of the Plan, including without limitation, appropriate orders to protect the Debtors from creditor actions, approval of sale of property, orders for sale free and clear of liens and interests;

7. Modification of the Plan pursuant to Section 1127 of Title 11;

8. Determination of reasonableness of any attorney's fees and charges claimed by any creditor;

9. Avoidances of avoidable transfers pursuant to the Bankruptcy Code and recovery of improper post petition transfers, and any reserved cause of action;

10. Determination of secured status, extent of secured status, and Debtor's right to recover expenses from property securing claim pursuant to Bankruptcy Code Section 506;

11. Enforcement of all stipulations entered into by the Debtors in possession and Orders and Judgments made by the Court;

12. Collection of any sums due the Debtors from other parties or from any other source;

13. Determination of rights and causes of action reserved to the Debtors as provided herein; and

14. Entry of final decree.

## ARTICLE IX
### EFFECT OF CONFIRMATION

9.01. Confirmation of the Plan shall have the effect set forth in Bankruptcy Code Section 1141. The rights afforded herein, and the treatment of all claims and interests as set forth herein, shall be in full exchange for, and in complete satisfaction, discharge and release of, all claims and interests of any kind or nature whatsoever, whether known or unknown, matured

Debtor's Chapter 11 Plan

-7-

or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due, prior to the Effective Date, including without limitation any claims or interest on claims, accruing on or after the commencement of the case against Debtors, the estate, or assets or property thereof. Except as, and to the extent expressly provided in the Plan or the Confirmation Order, at all times on and after the Effective Date, (a) all such claims against, and interests in, the Debtors or the estate shall be deemed fully and finally satisfied, discharged and released; (b) all persons shall be fully and finally barred, enjoined and precluded from asserting against the reorganized Debtors or their assets, any claims or interests based upon act or omission, transaction, agreement, right, privilege, duty, entitlement, obligation or other event or activity of any kind or nature whatsoever that occurred prior to the Effective Date; and (c) all claims and interests shall be fully and finally discharged as provided in said Section 1141 of the Bankruptcy Code.

## ARTICLE X
## ALTERATION OF RIGHTS OF THIRD PARTIES

10.01. Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Bankruptcy Code Sections 510(a) or 524(a). Except as expressly stated in the Plan, holders of secured claims shall retain their liens on the Debtors' assets to the extent of the allowed amount of such claim.

## ARTICLE XI
## MISCELLANEOUS

11.01. Notice. All notices required or permitted to be made in accordance with the Plan or by the Code shall be in writing and shall be delivered personally, or by First Class mail:

    a.    To Debtors:

        Meyer Law Group, LLP
        Attn: Michael H. Meyer
        268 Bush Street #3639
        San Francisco, CA 94104

Debtor's Chapter 11 Plan

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104

b. To the Holder of an Allowed Claim, at the address set forth in the Allowed Proof of Claim, or if none, at the address set forth in the Schedules prepared and filed with the Court pursuant to Section 1007(b).

11.02. <u>Effective Date</u>. For purposes of all determinations to be made pursuant to the Bankruptcy Code in respect to the Plan or any Claim or Interest, the "effective date" of the Plan shall be sixty (60) days following the date the Order of Confirmation becomes final.

11.03. <u>Reservation of Rights</u>. Neither the filing of this Plan nor any statement or provision contained herein, shall be or be deemed to be an admission against interest.

## ARTICLE XII
## CONFIRMATION REQUEST

12.01 RMS Properties, LLC, Debtors herein, request Confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code.

Meyer Law Group, LLP

Dated: November 7, 2011

  /S/ MICHAEL H. MEYER
Michael H. Meyer
Attorney for Debtor

Debtor's Chapter 11 Plan

- 9 -

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104