1   LAW OFFICES OF MIKEL D. BRYAN, P.C.
    MIKEL D. BRYAN (SBN 84010)
2   550 Doyle Park Drive
    Santa Rosa, California 95405
3   (707) 528-1231
    Fax: (707) 528-3143
4

5   Special Counsel for Debtors

6              UNITED STATES BANKRUPTCY COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8   IN RE:                        Case No. 11-10231

9   RMS PROPERTIES, LLC,         Chapter 11

10                             APPLICATION OF MIKEL D. BRYAN,
                 Debtor.          P.C., FOR ALLOWANCE OF FEES AND
11                            / REIMBURSEMENT OF EXPENSES;
                            MEMORANDUM OF POINTS AND
12                             AUTHORITIES; AND DECLARATION
                            OF MIKEL D. BRYAN IN SUPPORT
13                             THEREOF

14                             Date:   To be Assigned by the Court
                            Time:   To be Assigned by the Court
15

16   TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY

17   JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES

18   IN INTEREST:

19        Mikel D. Bryan, P.C., hereby presents its application (the "Application") for

20   compensation for professional services rendered and for reimbursement of expenses incurred in

21   connection with its representation as special counsel for the Debtor in this Chapter 11 case.

22        By this Application, Mikel D. Bryan, P.C., seeks allowance and payment of $13,615.00

23   in attorney fees and $353.00 in expenses incurred during the period from November 3, 2011

24   through May 23, 2012, for a total of $ 13,968.00.  A Summary Sheet of the combined total of

25   fees and expenses requested is attached hereto as Exhibit 1 to the supporting Declaration of

26   Mikel D. Bryan.

27        This Application is based upon the following Memorandum of Points and Authorities,

28   the attached Declaration of Mikel D. Bryan, the pleadings and evidence on file with the Court

Page 1

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses
Case: 11-10231    Doc# 78    Filed: 05/30/12    Entered: 05/30/12 14:48:40    Page 1 of 37

1   in this case, and upon such other and further evidence as the Court may allow.

2          WHEREFORE, Mikel D. Bryan, P.C., respectfully requests that the Court approve the

3   amounts requested in this Application.

4   Dated: May 30, 2012                    LAW OFFICES OF MIKEL D. BRYAN, P.C.

5

6                          By:    /s/Mikel D. Bryan_____
                                  MIKEL D. BRYAN
7                                 Special Counsel for Debtor

8                    **MEMORANDUM OF POINTS AND AUTHORITIES**

9                                        **I**

10              **PROCEDURAL HISTORY AND STATUS OF CASE**

11  **A.**   **Background of Case**:

12          This Chapter 11 case was filed on January 25, 2011 by David N. Chandler, on behalf of

13  the Debtor.  Since that date, the Debtor has remained in possession of the property as debtor in

14  possession.  An approved Plan of Reorganization was entered by the Court on May 7, 2012.

15  Prior to the filing of the Chapter 11 case, I had been general counsel for the debtor and had

16  been trying to assist the debtor in getting needed additional financing for its ranch/lodge project

17  or getting the property sold on behalf of the debtor.

18  **B.**   **Employment of Mikel D. Bryan, P.C. as Special Counsel**:

19          The Application for Order Authorizing the Employment of Special Counsel, Mikel D.

20  Bryan, P.C. ("Applicant") was filed on or about February 14, 2012 by the Debtor's general

21  counsel, Michael Meyer of the Meyer Law Group, LLP.  The Order Authorizing the

22  Employment of Applicant, as special counsel was entered on February 23, 2012.

23  **C.**   **Attorney's Background**:

24          A copy of the resume of the Applicant, Mikel D. Bryan, describing the education,

25  qualification and experience of the applicant herein is attached hereto as Exhibit 2 to the

26  Supporting Declaration of Mikel D. Bryan.  During the 33 years of the professional practice of

27  the Applicant, the Applicant's practice has emphasized real estate practice, including, the

28  negotiation of complex real estate transactions and commercial code transactions.  Applicant's

real estate practice has included experience as both general and special counsel in prior Chapter 11 cases, primarily involving real estate assets and investments.

**D.     Fees Previously Requested and Awarded:**

There have been no fees previously requested or awarded by Applicant in this case.

**E.     No Agreement Regarding Compensation:** No agreement or understanding exists for sharing compensation received or to be received by Applicant for services rendered in this case. Applicant has not received or been promised any other payments for the services rendered or to be rendered in any capacity whatsoever in connection with this case.

**F.     Funds Available for Payment of Applicant's Fees and Expenses:**

Applicant is informed and believes based upon conversations with Debtor's general counsel, Michael Meyer, that as of the date of this Application, the funds on hand in the Debtor's estate may be insufficient to pay the amounts requested by Applicant as well as the fees and expense request filed by the Meyer Law Group, LLP, to be heard concurrently herewith.

**II**

**SUMMARY OF SERVICES PERFORMED**

Copies of Applicant's billing statements for the period covered by this Application are attached as Exhibit 3 to the supporting Declaration of Mikel D. Bryan. The billing statements set forth in detail the time spent and the specific professional services rendered by Applicant.

For the Court's convenience, set forth below is a brief narrative history of the services rendered by Applicant for the period covered by this Application. Applicant has arranged its billing charges in the following categories:

1.      Assistance to General Counsel Regarding Formulating a Plan of Reorganization;

2.      Preparing and Litigating an Adversary Proceeding regarding the Secured Claim of Willamette Capital;

3.      Evaluating and Assisting General Counsel Regarding the Secured Claim of Delivery Associates, Inc.; and

4.      Preparing and Filing Fee Application.

Page 3

**1. Assistance to General Counsel Regarding Formulating a Plan of Reorganization:**

This category relates to the successful preparation and confirmation of a Chapter 11 Plan of Reorganization on behalf of the debtor. The applicant was first contacted by the general counsel of the debtor after the filing of the Chapter 11 prior to November of 2011 when the applicant, the general counsel, Mr. Meyer, and the attorney for Lorraine E. Ring in a related Chapter 11 case, David N. Chandler, met at Applicant's office to discuss the formulation of a plan of reorganization for the debtor in the instant action. Because the primary debt of this Chapter 11 case was jointly secured by deeds of trust held against property owned not only by this debtor but by property owned by Mr. Chandler's Chapter 11 debtor, Lorraine E. Ring, it was necessary to try to formulate a plan of reorganization that coordinated the two Chapter 11 cases. From that meeting a proposed plan of reorganization began being formulated.

In November of 2011, Mr. Meyer provided a copy of the first proposed Plan of Reorganization and proposed Disclosure Statement for review by Applicant. Applicant reviewed that proposed Plan with the debtor's representative. Applicant then contacted Mr. Meyer with some proposed changes to both the Plan and the Disclosure Statement. The proposed Plan and Disclosure Statement also required further input regarding an update on several of the issues being discussed.

On November 7, 2011, Applicant wrote an email to Mr. Meyer setting forth some proposed changes particularly relating to one of the classified classes. Those changes were discussed with Mr. Meyer and acceptable modifications were made. The revisions were then provided Applicant by Mr. Meyer and discussed fully with the debtor's principals. The proposed revised Plan and Disclosure Statement were acceptable to both Mr. Meyer and the debtor's representatives.

In early January, after the proposed Plan and Disclosure Statement had been filed, discussions were being held with the attorney for the primary secured creditor, Willamette Capital regarding their treatment under the proposed Plan which involved a possible deed in lieu of foreclosure in full satisfaction of the debt on the underwater loan secured by the debtor's primary asset, the proposed lodge in Colorado. One of the major issues involved whether

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

certain water stock held in the name of the debtor was a part of the security held by that secured creditor. Applicant had been asked previously to research the issue of the foreclosure laws in the State of Colorado as part of the Lorraine E. Ring Chapter 11 case arising out of certain other properties owned in part by her in Colorado and secured by a lien held by Exchange Bank. So Mr. Meyer had asked for Applicant's assistance on the issue of the foreclosure proceedings in Colorado as it related to the ranch property. Applicant reviewed his prior research and discussed the foreclosure and deed in lieu of foreclosure issues with Mr. Meyer to decide on a settlement discussion approach with Willamette Capital. At the same time, on behalf of the debtor, Applicant was assisting the debtor in trying to get the ranch property sold for sufficient funds to pay the creditors in full through a real estate agent in Colorado that had been assisting in those efforts prior to the Chapter 11 proceedings being filed. Because those sale prospects did not appear to be eminent, it was decided that the efforts of the estate should be concentrated on reaching a resolution of the Willamette Capital claims and what security interest it held in assets of this estate, as well as those of the Chapter 11 case of Lorraine E. Ring.

It was decided then, that the estate would ask the Applicant to be employed as special counsel to file an adversary proceeding on behalf of the estate to establish whether the water stock held in the debtor's name was held as part of the deed of trust held by Willamette Capital against the ranch property.

Applicant spent 6.3 hours, totaling $ 2,205 at Applicant's standard hourly rate of $350. Set forth below is a chart summarizing the fees incurred in connection with assistance to general counsel regarding formulating a plan of reorganization.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|
| November, 2011 | 3.4 | $1,190 |
| January, 2012 | 2.9 | $1,015 |

**2.  Preparing and Litigating an Adversary Proceeding regarding the Secured Claim of Willamette Capital:**

This category relates to the research and litigating the security interest claimed by

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

1  Willamette Capital under its first deed of trust against the ranch property. The issue of whether

2  the water stock is real or personal property under Colorado law and covered by as part of a

3  deed of trust was and is a complex question of both law and fact. It was in the best interests of

4  the estate to litigate the question because of the potential return to both the estate and its

5  unsecured creditors. The question involved potentially an asset worth potentially more than a

6  hundred thousand dollars to both the debtor and the secured creditor.

7       An adversary proceeding was prepared and filed by Applicant in February and provided

8  to both Mr. Meyer and to David Chandler as attorney for Lorraine E. Ring. The resolution of

9  the adversary proceeding would affect both the present Chapter 11 case as well as potentially

10 the Chapter 11 estate of Lorraine E. Ring as to the additional security held by Willamette

11 Capital secured by property owned by the Lorraine E. Ring estate.

12      As part of the litigation, Applicant retained a Colorado counsel, Mike Deneen, to

13 review Applicant's Colorado analysis of the status of the water stock since Applicant was not

14 licensed to practice law in the State of Colorado. Mr. Deneen reviewed Applicant's analysis

15 and provided further input on the issue.

16      As part of the litigation and after discussions with Mr. Meyer and David Chandler, it

17 was decided that the debtor's estate needed to get a resolution of the water stock issue quickly

18 to effectuate the proposed Chapter 11 plans of both this debtor's estate as well as that of the

19 Chapter 11 estate of Lorraine E. Ring. Preparation of a summary judgment motion was

20 initiated by Applicant.

21      In March of 2012, the Applicant and the estate's general counsel began negotiations

22 with Willamette Capital and its attorneys to resolve the adversary proceeding as part of a

23 possible resolution of the entire claim of Willamette Capital under the proposed Plan of

24 Reorganization. These discussions also necessitated the involvement of David Chandler as the

25 attorney for the Lorraine E. Ring estate because the Willamette security interest also included

26 additional security held against the Lorraine E. Ring estate properties.

27      In April, the Applicant in conjunction with both Mr. Meyer as general counsel for the

28 present debtor and David Chandler as the attorney for the Chapter 11 Estate of Lorraine E.

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

1  Ring, reached a settlement with Willamette Capital which affected both the present Chapter 11

2  estate as well as that of the Chapter 11 Estate of Lorraine E. Ring. Those negotiations resulted

3  in revisions to both Chapter 11 Plans of Reorganizations, both of which revised plans resulted

4  in confirmed plans for both estates.

5      Applicant spent 25.7 hours, totaling $8,995 at Applicant's standard hourly rate of $350.

6  Set forth below is a chart summarizing the fees incurred in connection with assisting the

7  Debtors and Chapter 11 Estate in preparing and litigating an adversary proceeding regarding

8  the secured claim of Willamette Capital.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
|-------|-------------|--------------|
| February, 2012 | 16.4 | $5740 |
| March, 2012 | 1.2 | $ 420 |
| April, 2012 | 6.3 | $2205 |
| May, 2012 | 1.8 | $ 630 |

**3.     Evaluating and Assisting General Counsel Regarding the Secured Claim of Delivery Associates, Inc.:**

15      This category includes the review, research and analysis of a secured claim filed on

16  behalf of Delivery Associates, Inc. regarding a claimed personal property security interest in the

17  debtor's extensive furniture purchased as part of the plan lodge operations at the Colorado

18  ranch property. During the month of March, the Applicant was advised that a secured claim

19  had been filed by Delivery Associates, Inc. as a claim secured by certain real property owned

20  by the debtor. The claim of Delivery Associates was filed as a secure claim allegedly arising

21  from a "warehouseman's lien" under California Commercial Code Division 7. Applicant was

22  requested by its general counsel in evaluating this claim. Applicant researched the issue and

23  advised its general counsel of the parameters of the claimed lien and the opinion that the lien as

24  presently presented was defective and not a secured claim. During the next month and

25  continuing to this date, the debtor's general counsel and Applicant are continuing to try to

26  resolve this claim but an adversary proceeding may be necessary to determine the issue if it

27  cannot be settled. Settlement proposals have been formulated and communications directed to

28  all parties affected by the claim.

Applicant spent 3.9 hours, totaling $1,365 at Applicant's standard hourly rate of $350. Set forth below is a chart summarizing the fees incurred in connection with evaluating and assisting general counsel regarding the secured claim of Delivery Associates, Inc.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|
| February, 2012 | .8 | $280 |
| April, 2012 | 1.7 | $595 |
| May, 2012 | 1.4 | $490 |

**4.    Preparation of Fee Application:**

This category includes the preparation and filing of this Application as required under Section 330 of the Bankruptcy Code and the Guidelines of the United States Trustees Offices, Guideline 2.2.3.  See 11 USC §330(a)(6); In re Garcia (9th Cir. BAP 2005) 335 BR 717, 728-729.

Applicant spent 3.0 hours, totaling $1,050 at Applicant's standard hourly rate of $350. Set forth below is a chart summarizing the fees incurred in connection with preparation of this Application on a month by month basis.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|
| May, 2012 | 3.0 | $1050 |

### III

### SUMMARY OF EXPENSES INCURRED

As with Applicant's other clients, Applicant incurred expenses during the course of rendering services to the Chapter 11 Estate in the total amount of $353.00 as follows:

| | |
|---|---|
| Secretary of State Research 1/19/2012 | $25.00 |
| Secretary of State UCC Service 2/9/2012 | $35.00 |
| Adversary Proceeding Filing Fee | $293.00 |

### IV

### THE COURT SHOULD AWARD APPLICANT ITS FEES AND EXPENSES AS REQUESTED

Section 330 of the Bankruptcy Code authorizes the Court, after notice to the parties in interest, the United States Trustee and a hearing, to award an attorney employed under Section 327: (a) reasonable compensation for actual, necessary services rendered by the attorney and

(b) for reimbursement for actual and necessary expenses incurred by the attorney.

## CONCLUSION

Based upon the foregoing Application, Mikel D. Bryan., P.C. respectfully requests the Court issue an order:

1.  Approving the Application and allowing attorney's fees in the amount of $13,615.00 and Expenses in the amount of $353;

2.  Authorizing and directing the Chapter 11 Debtors to forthwith pay the fees and expenses awarded; and

3.  Granting the Applicant such other and further relief as the Court deems just and proper.

Dated: May 30, 2012          LAW OFFICES OF MIKEL D. BRYAN, P.C.

By:    /s/Mikel D. Bryan
       MIKEL D. BRYAN
       Special Counsel for Debtors

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

# DECLARATION OF MIKEL D. BRYAN IN SUPPORT OF FEE APPLICATION

I, Mikel D. Bryan, declare that:

1. I am an attorney duly licensed to practice law as Mikel D. Bryan, P.C., a professional law corporation, in all Courts of the State of California and before the United States Bankruptcy Court for the Northern District of California. I am the sole attorney in the offices of Mikel D. Bryan, P.C. This Declaration is made in support of the Application of Mikel D. Bryan, P.C., for Allowance of Fees and Reimbursement of Expenses for professional fees rendered and expenses incurred in connection with its representation of the Chapter 11 Debtor and the Chapter 11 Estate as special counsel. The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify to the truth of the matters, except as to those matters set forth on information and belief, as to which I am informed and believe those to be true.

2. This Chapter 11 case was filed on January 25, 2011 by David N. Chandler, P.C., on behalf of the Debtor, RMS Properties, LLC. The Meyer Law Group, LLP subsequently became the debtor's attorney of record shortly after the filing of the case. Since the filing of the Chapter 11 petition, the Debtor has remained in possession of the estate property as debtor in possession. An approved Plan of Reorganization was approved by the Court on May 7, 2012.

3. During my 33 years of the professional practice I have emphasized real estate issues and commercial practice, including bankruptcy proceedings. My real estate practice has included experience as both general and special counsel in prior Chapter 11 cases, primarily those involving real estate assets and investments. Because of past association with the debtor and my legal expertise in real estate and commercial law, the debtor's general counsel requested that I assist his office in reviewing and finalizing a plan of reorganization. As part of that assistance, it was necessary to undertake a review of the primary secured claim in the class, the claim of Willamette Capital of approximately $5 million dollars secured by a first deed of trust against Colorado ranch owned by the debtor of approximately 1740 acres, which the debtor has been in the process of developing into a luxury hunting lodge when the economy went south. As a result the debtor was unable to obtain financing to complete the lodge and

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

1    was forced to file this Chapter 11 proceeding to try to weather the economic storm and get the

2    needed financing to complete the lodge.  Unfortunately, that needed financing never arose and

3    the debtor was forced to deal with undertaking a liquidation of its assets in the best interests of

4    its creditors.

5         4.     The application for employment of my offices as special counsel was submitted

6    to the Court on February 14, 2012, and approved by the Court on February 23, 2012.

7         5.     I was first contacted by the general counsel of the debtor after the filing of the

8    Chapter 11 prior to November of 2011.  In November of 2011, the estate's general counsel, Mr.

9    Meyer, and the attorney for Lorraine E. Ring in a related Chapter 11 case, David N. Chandler,

10   met with me at my office to discuss the formulation of plans of reorganization for the debtor in

11   the instant action as well as for the estate of Lorraine E. Ring.  Because the primary debt of this

12   Chapter 11 case was jointly secured by deeds of trust held against property owned not only by

13   this debtor but by property owned by Mr. Chandler's Chapter 11 debtor, Lorraine E. Ring, it

14   was necessary to try to formulate a plan of reorganization that coordinated the two Chapter 11

15   cases.  From that meeting proposed plans of reorganization began being formulated on behalf

16   of both estates.

17        6.     In November of 2011, Mr. Meyer provided me with a copy of the first proposed

18   Plan of Reorganization and proposed Disclosure Statement for review by my office.  I reviewed

19   that proposed Plan with the debtor's representative.  I then contacted Mr. Meyer with some

20   proposed changes to both the Plan and the Disclosure Statement. The proposed Plan and

21   Disclosure Statement also required further input regarding an update on several of the issues

22   being discussed.

23        7.     On November 7, 2011, I wrote an email to Mr. Meyer setting forth some

24   proposed changes particularly relating to one of the classified classes.  Those changes were

25   discussed with Mr. Meyer and acceptable modifications were made.  The revisions were then

26   provided to me by Mr. Meyer and discussed fully with the debtor's principals.  The proposed

27   revised Plan and Disclosure Statement were acceptable to both Mr. Meyer and the debtor's

28   representatives.

Page 11

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

8.      In early January, after the proposed Plan and Disclosure Statement had been filed, discussions were being held with the attorney for the primary secured creditor, Willamette Capital regarding its treatment under the proposed Plan which involved a possible deed in lieu of foreclosure in full satisfaction of the debt on the underwater loan secured by the debtor's primary asset, the proposed lodge in Colorado.   One of the major issues involved whether certain water stock held in the name of the debtor was a part of the security held by that secured creditor.  I had been asked previously to research the issue of the foreclosure laws in the State of Colorado as part of the Lorraine E. Ring Chapter 11 case arising out of certain other properties owned in part by her in Colorado and secured by a lien held by Exchange Bank.  So Mr. Meyer had asked for my assistance on the issue of the foreclosure proceedings in Colorado as it related to the ranch property.  I reviewed my prior research and discussed the foreclosure and deed in lieu of foreclosure issues with Mr. Meyer to decide on a settlement discussion approach with Willamette Capital.  At the same time, on behalf of the debtor, I was assisting the debtor in trying to get the ranch property sold for sufficient funds to pay the creditors in full through a real estate agent in Colorado that had been assisting in those efforts prior to the Chapter 11 proceedings being filed.  Because those sale prospects did not appear to be eminent, it was decided that the efforts of the estate should be concentrated on reaching a resolution of the Willamette Capital claims and what security interest it held in assets of this estate, as well as those of the Chapter 11 case of Lorraine E. Ring.

9.      It was decided then, that the estate would ask the Applicant to be employed as special counsel to file an adversary proceeding on behalf of the estate to establish whether the water stock held in the debtor's name was held as part of the deed of trust held by Willamette Capital against the ranch property.

10.      I then assumed responsibility for evaluating the security interest claimed by Willamette Capital under its first deed of trust against the ranch property.  The issue of whether the water stock is real or personal property under Colorado law and covered by as part of a deed of trust was, and is, a complex question of both law and fact.  It was in the best interests of the estate to litigate the question because of the potential return to both the estate and its

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

1  unsecured creditors.  The question involved potentially an asset worth potentially more than a

2  hundred thousand dollars to both the debtor and the secured creditor.

3      11.    An adversary proceeding was prepared and filed by me in February and

4  provided to both Mr. Meyer and to David Chandler as attorney for Lorraine E. Ring.  The

5  resolution of the adversary proceeding would affect both the present Chapter 11 case as well as

6  potentially the Chapter 11 estate of Lorraine E. Ring as to the additional security held by

7  Willamette Capital secured by property owned by the Lorraine E. Ring estate.

8      12.    As part of the litigation, I retained a Colorado counsel, Mike Deneen, to review

9  my Colorado analysis of the status of the water stock since I was not licensed to practice law in

10  the State of Colorado.  Mr. Deneen reviewed my analysis and provided further input on the

11  issue.

12      13.    As part of the litigation and after discussions with Mr. Meyer and David

13  Chandler, it was decided that the debtor's estate needed to get a resolution of the water stock

14  issue quickly to effectuate the proposed Chapter 11 plans of both this debtor's estate as well as

15  that of the Chapter 11 estate of Lorraine E. Ring.  I thus began a motion for summary judgment

16  on the water law issue, while at the same time pursing settlement of this issue.

17      14.    In March of 2012, both I and the estate's general counsel, Mr. Meyer, began

18  negotiations with Willamette Capital and its attorneys to resolve the adversary proceeding as

19  part of the possible resolution of the entire claim of Willamette Capital under the proposed

20  Plan of Reorganization.  These discussions also necessitated the involvement of David

21  Chandler as the attorney for the Lorraine E. Ring estate because the Willamette security interest

22  also included additional security held against the Lorraine E. Ring estate properties.

23      15.    In April, the Applicant in conjunction with both Mr. Meyer and David Chandler

24  were able to reach a settlement with Willamette Capital which affected both the present

25  Chapter 11 estate as well as that of the Chapter 11 Estate of Lorraine E. Ring.  Those

26  negotiations resulted in revisions to both Chapter 11 Plans of Reorganizations, both of which

27  revised plans were resulted in confirmed plans for both estates.

28      16.    In March, I was asked to review, research and do an analysis of a secured claim

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

filed on behalf of Delivery Associates, Inc. regarding a claimed personal property security interest in the debtor's extensive furniture purchased as part of the plan lodge operations at the Colorado ranch property. The claim of Delivery Associates was filed as a secure claim allegedly arising from a "warehouseman's lien" under California Commercial Code Division 7. I researched the issue and advised Mr. Meyer of the parameters of the claimed lien and the opinion that the lien as presently presented was defective and not a secured claim. During the next month and continuing to this date, the debtor's general counsel and I have continued our efforts to try to resolve this claim but an adversary proceeding may be necessary to determine the issue if it cannot be settled. Settlement proposals have been formulated and communications directed to all parties affected by the claim.

17. Finally, I had to prepare this fee application as required under Section 330 of the Bankruptcy Code and the Guidelines of the United States Trustees Offices, Guideline 2.2.3. See 11 USC §330(a)(6); In re Garcia (9th Cir. BAP 2005) 335 BR 717, 728-729.

18. By this Application, my office seeks allowance and payment of $13,615.00 in attorney's fees and $353.00 in expenses incurred during the period from November 3, 2011 through May 25, 2012. A Summary Sheet of the combined total fees and expenses requested is attached hereto as Exhibit 1 and made a part hereof.

19. Mikel D. Bryan, P.C. is a California law corporation with Mikel D. Bryan as the sole attorney. A copy of the firm resume describing the education, qualifications and experience of Mikel D. Bryan is attached hereto as Exhibit 2, and made a part hereof.

20. No prior applications for compensation have been made of behalf of my offices in this case.

21. My office has not agreed to share with any person or entity any compensation that my offices may be awarded in this case. My office has not received or been promised any other payments for the services rendered in any capacity whatsoever in connection with this case.

22. I am informed and believe that as of the date of this Application, the funds on hand in the Chapter 11 Estate currently exceed the amounts requested by my office and as well

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

1   those pending fees and expense requests filed by the Debtor's general counsel.

2       23.    Copies of my office's billing statements for the period covered by this

3   Application are attached hereto as Exhibit 3 and made a part hereof. The billing statements set

4   forth in detail the time spent and the specific professional services rendered by my office as

5   well as the small expense incurred. With respect to the expense incurred for which

6   reimbursement is requested, such expenses are charged to all of my office's clients.

7       24.    The Application also contains a detailed narrative including a summary and

8   breakdown of fees and expenses charged by category. I prepared and reviewed that narrative as

9   well as the charts contained in the Application, which set forth the amount of time spent and

10  the fees and expenses charged with respect to each particular matter in which my office has

11  provided services. To the best of my knowledge, the information contained in the narrative

12  history and the fee and expense charts is true and accurate.

13      I declare under penalty of perjury under the laws of the United States, that the foregoing

14  is true and correct.

15      Executed this 30th day of May, 2012 at Santa Rosa, California.

16

17                          /s/Mikel D. Bryan
                            MIKEL D. BRYAN
18

19

20

21

22

23

24

25

26

27

28

Page 15

Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses

# EXHIBIT 1

Exhibit 1
Declaration of Mikel D. Bryan in Support of Fee Application

LAW OFFICES OF MIKEL D. BRYAN, P.C.
MIKEL D. BRYAN (SBN 84010)
550 Doyle Park Drive
Santa Rosa, California 95405
(707) 528-1231
Fax: (707) 528-3143

Special Counsel for Debtors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                          Case No. 11-10231

RMS PROPERTIES, LLC,                            Chapter 11

                                                SUMMARY SHEET RE APPLICATION
                Debtor.                         OF MIKEL D. BRYAN, P.C., FOR
_____/              ALLOWANCE OF FEES AND
                                                REIMBURSEMENT OF EXPENSES

                                                Date:   To be Assigned by the Court
                                                Time:   To be Assigned by the Court


NAME OF APPLICANT:      MIKEL D. BRYAN, P.C.

ROLE IN CASE:           SPECIAL COUNSEL FOR DEBTOR

CURRENT APPLICATION:

    Fees Requested:       $13,615.00
    Expenses Requested:       353.00

PRIOR FEE APPLICATIONS:          NONE

Summary Sheet re Application for Fees and Expenses-Mikel D. Bryan P.C.

# EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF MIKEL D. BRYAN, P.C.
550 Doyle Park Drive
Santa Rosa CA 95405
(707)528-1231

Tax ID #71-0929984

May 29, 2012

Invoice submitted to:

RMS Properties, LLC
Jayne Slayton
PO Box 4343
Santa Rosa CA 95402

In Reference To:   RMS Assistance Formulating a Plan of Reorganization

Professional services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/3/11 | MDB | Review draft of Chapter 11 Plan and Disclosure Statement from attorney Meyer; telephone call to Jayne; | 0.80 350.00/hr | 280.00 |
| 11/4/11 | MDB | Review email from Jayne re draft of plan of reorganization; | 0.30 350.00/hr | 105.00 |
| 11/7/11 | MDB | Telephone call from Mike Meyer re RMS Plan; | 0.30 350.00/hr | 105.00 |
| | MDB | Telephone call from Michael Meyer and Jayne re RMS Plan and Disclosure Statement; review email from Jayne; | 0.50 350.00/hr | 175.00 |
| | MDB | Review email from Jayne re updated information for plan and disclosure statement; review email from attorney Meyer; | 0.40 350.00/hr | 140.00 |
| | MDB | Draft email to Mike Meyer re changes to plan re Class 4; review revised document from attorney Meyer; | 0.30 350.00/hr | 105.00 |
| 11/8/11 | MDB | Review emails from Mike Meyer; review email from Jayne re signing Plan and Disclosure Statement after revisions; | 0.30 350.00/hr | 105.00 |
| 11/21/11 | MDB | Review email from Jayne re AVI Roofers; draft email to Jayne re same; | 0.20 350.00/hr | 70.00 |

|            |     |                                                                                                          | Hrs/Rate    | Amount    |
|------------|-----|----------------------------------------------------------------------------------------------------------|-------------|-----------|
| 11/22/11   | MDB | Review email from Jayne re ranch; draft email to Jayne re request of AVI to come to site with roofer;     | 0.20 350.00/hr | 70.00 |
| 11/29/11   | MDB | Review email from Jayne re roofer;                                                                        | 0.10 350.00/hr | 35.00 |
| 1/4/12     | MDB | Review email from Mike Meyer; draft email to Mike Meyer re ranch foreclosure/plan to deed property in full satisfaction of debt; | 0.30 350.00/hr | 105.00 |
|            | MDB | Review email from Mike Meyer; draft email to Mike Meyer                                                   | 0.20 350.00/hr | 70.00 |
| 1/19/12    | MDB | Telephone call to Mike Meyer re RMS plan issue;                                                           | 0.40 350.00/hr | 140.00 |
| 1/20/12    | MDB | Review Colorado foreclosure statutes re deficiency judgment; telephone call to attorney Meyer;            | 0.60 350.00/hr | 210.00 |
| 1/23/12    | MDB | Telephone call to Jayne; review email from Mike Meyer;                                                    | 0.20 350.00/hr | 70.00 |
|            | MDB | Telephone call to Jayne;                                                                                  | 0.20 350.00/hr | 70.00 |
|            | MDB | Review documents from Jayne re RMS assignment of interest from Asset Investments, Inc.; draft email to Jayne; | 0.20 350.00/hr | 70.00 |
| 1/26/12    | MDB | Review email from real estate agent; review email from attorney Mike Meyers;                             | 0.20 350.00/hr | 70.00 |
|            | MDB | Review emails from Jayne re Ranch property and Koch; draft emails to Jayne;                               | 0.30 350.00/hr | 105.00 |
| 1/31/12    | MDB | Telephone call from attorney Chandler re 327 employment application/suit against Willamatte Capital re water stock; | 0.30 350.00/hr | 105.00 |
|            |     | For professional services rendered                                                                       | 6.30        | $2,205.00 |

RMS Properties, LLC

| | Amount |
|---|---|
| Balance due | $2,205.00 |

LAW OFFICES OF MIKEL D. BRYAN, P.C.
550 Doyle Park Drive
Santa Rosa CA 95405
(707)528-1231

Tax ID #71-0929984

May 29, 2012

Invoice submitted to:

RMS Properties, LLC
Jayne Slayton
PO Box 4343
Santa Rosa CA 95402

In Reference To:   RMS Adversary Proceeding - Willamette Capital

Professional services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/2/12 | MDB | Telephone call from Chandler re Willamette claim against water stock; | 0.30 350.00/hr | 105.00 |
| 2/3/12 | MDB | Telephone call from attorney Chandler re claim of Willamatte; review email from attorney Chandler re special counsel for Willamatte claim to attorney Meyer; review documents from attorney Chandler re Willamatte claim to attorney Deenen re Colorado law on water stock issues; | 0.80 350.00/hr | 280.00 |
| 2/6/12 | MDB | Research re Colorado Water Rights Law/perfection of security interest in water rights; review Colorado Secretary of State UCC records; draft employment application as special counsel for Meyer; draft email to attorney Chandler; | 2.50 350.00/hr | 875.00 |
|  | MDB | Provice documents re Colorado water stock issues to attorney Meyer and attorney Chandler re Willamatte claim; | 0.20 350.00/hr | 70.00 |
|  | MDB | Draft email to attorney Meyer re special counsel application and declaration of Mikel D. | 0.30 350.00/hr | 105.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | Bryan; | | |
| 2/7/12 | MDB | Draft email to Mike Meyer re employment and AP against Willamette Capital on unperfected security intrest in water stock; review email from Mike Meyer; draft email to Mike Meyer re strategy; | 0.40 350.00/hr | 140.00 |
| | MDB | Review email from attorney Deene; dra email to attorney Deenen; | 0.30 350.00/hr | 105.00 |
| 2/8/12 | MDB | Prepare adversary proceedings against Willamette Capital re 544 avoidance of security interest in debtor's personal property; draft email to attorney Meyer and attorney Chandler re same; review email from attorney Chandler; draft email to attorney Chandler; | 2.00 350.00/hr | 700.00 |
| 2/9/12 | MDB | Review emails from attorney Chandler; draft emails to attorney Chandler; review emails from attorney Meyer; draft email to attorney Meyer; telephone call from attorney Chandler; | 0.60 350.00/hr | 210.00 |
| | MDB | Draft email to attorney Deenen; review email from attorney Deenen; | 0.30 350.00/hr | 105.00 |
| | MDB | Forward security documents to attorney Deenen per his request; | 0.20 350.00/hr | 70.00 |
| 2/10/12 | MDB | Review email from Mike Deenen; draft email to attorney Deenen re water stock security interests; | 0.30 350.00/hr | 105.00 |
| 2/13/12 | MDB | Review email from attorney Meyer; review Application and Declaration of Mikel D. Bryan as revised by attorney Meyer; | 0.20 350.00/hr | 70.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/13/12 | MDB | Review email from attorney Meyer; review/revise AP against Willamette Capital; | 0.30 350.00/hr | 105.00 |
| | MDB | Prepare AP cover sheet; | 0.20 350.00/hr | 70.00 |
| | MDB | Review revised Chapter 11 Plan ofRMS from attorney Meyer; draft email to attorney Meyer re Declaration of Mikel D. Bryan issue; | 0.20 350.00/hr | 70.00 |
| | MDB | Draft email to attorney Chandler re RMS revised plan from attorney Meyer - effect on Lorraine E. Ring Chapter 11 Plan; | 0.20 350.00/hr | 70.00 |
| | MDB | Review email from attorney Chandler re lien issue of Willamette; draft email to attorney Deenen; | 0.20 350.00/hr | 70.00 |
| | MDB | Review email and case law from attorney Deenen re water stock issues; forward to attorney Meyer and attorney Chandler; | 0.50 350.00/hr | 175.00 |
| 2/14/12 | MDB | Review email and case law from attorney Deenen on water stock; Research re water stock issues; draft email to attorney Deenen; review email from attorney Meyer; draft emails to attorney Meyer and attorney Chandler; review emails from Jayne re water stock issues; draft email to Jayne; | 1.40 350.00/hr | 490.00 |
| | MDB | Telephone call to Mark Shaffer re water stock issues; telephone call to Jayne; review documents from Jayne re purchase of Ranch Water Stocks; Title Report; | 0.50 350.00/hr | 175.00 |

|        |     |                                                                                      | Hrs/Rate    | Amount |
|--------|-----|--------------------------------------------------------------------------------------|-------------|--------|
| 2/14/12 | MDB | Review Notice of Filing of Application to Employ;                                    | 0.10 350.00/hr | 35.00 |
|        | MDB | Draft email to attorney Deenen re bylaws of water users association and bylaws re water stock issues; | 0.20 350.00/hr | 70.00 |
|        | MDB | File AP - filing fee $293.00; telephone call to attorney Chandler;                  | 0.50 350.00/hr | 175.00 |
| 2/15/12 | MDB | Review email re application to employ Mikel D. Bryan as special counsel filed by attorney Meyer; | 0.10 350.00/hr | 35.00 |
|        | MDB | Review email from attorney Meyer; draft email to Jayne re Meyer's email; draft emails to attorney Chandler and Jayne re Meyer email; telephone call to attorney Chandler; | 0.40 350.00/hr | 140.00 |
|        | MDB | Review email from attorney Dennen re bylaws of water stock companies - not recorded and getting copy of bylaws of ditch company; | 0.10 350.00/hr | 35.00 |
|        | MDB | Draft email to attorney Deenen;                                                     | 0.10 350.00/hr | 35.00 |
|        | MDB | Review eissued summons from court on AP; mail AP to defendant;                       | 0.40 350.00/hr | 140.00 |
| 2/16/12 | MDB | Prepare Certificate of Service re Summons and notice of status conference; file with court; | 0.30 350.00/hr | 105.00 |
|        | MDB | PPrepare Certificate of Service re Summons and notice of status conference; file with court; | 0.30 350.00/hr | 105.00 |
| 2/22/12 | MDB | Work on S. J. motion - further reserach on water stock issues;                      | 1.00 350.00/hr | 350.00 |
| 2/23/12 | MDB | Draft email to attorney Deenen re water law attorney in Colorado; review email from attorney Meyer; | 0.30 350.00/hr | 105.00 |

| Date | | Description | Hrs/Rate | Amount |
|------|-----|-------------|----------|--------|
| 2/24/12 | MDB | Draft email to attorney Meyer re Willamette claim; possible telephone conference call with attorney for Willamette and attorney Chandler; | 0.20 350.00/hr | 70.00 |
| 2/28/12 | MDB | Draft email to attorney Meyer and attorney Chandler; | 0.20 350.00/hr | 70.00 |
| | MDB | Review email from attorney Chandler; | 0.10 350.00/hr | 35.00 |
| 2/29/12 | MDB | Draft email to attorney Deenen; review email from Jayne to Mark Shaffer; | 0.20 350.00/hr | 70.00 |
| 3/2/12 | MDB | Review emails from attorney Mike Deenen and real estate agent Mark Shaffer re water law expert; | 0.10 350.00/hr | 35.00 |
| | MDB | Draft email to Mark Shaffer re water law attorney issue; draft emails to attorney Deenen; review email from attorney Deenen; | 0.10 350.00/hr | 35.00 |
| 3/16/12 | MDB | Review email of answer to AP; conference call with attorney Olson and attorney Chandler re settlement discussion; | 0.40 350.00/hr | 140.00 |
| 3/23/12 | MDB | Review email from attorney Meyer; | 0.10 350.00/hr | 35.00 |
| | MDB | Draft email to attorney Olson re Colorado property issues; review email from attorney Chandler re water stock issues; | 0.30 350.00/hr | 105.00 |
| 3/27/12 | MDB | Draft email to attorney Meyer re Lorraine E. Ring's Chapter 11 2nd Amended Plan; | 0.20 350.00/hr | 70.00 |
| 4/3/12 | MDB | Review email from attorney Meyer re confirmation hearing; | 0.10 350.00/hr | 35.00 |
| 4/6/12 | MDB | Telephone call from Jayne re status of hearing on confirmation of Plan; attendance at hearing and withdrawal of objection; | 0.20 350.00/hr | 70.00 |

|  | | | Hrs/Rate | Amount |
|---|---|---|---|---|

| 4/9/12 | MDB | Telephone call from Jayne re cancellation of insurance on ranch and how to notify served party; | 0.30 350.00/hr | 105.00 |
| 4/10/12 | MDB | Review email from Jayne to AVI and Mark re cancellation of insurance; | 0.10 350.00/hr | 35.00 |
| | MDB | Review emails from Mike Meyer re hearing on confirmation of plan; review plan objection withdrawals of Lorraine E. Ring and Sterling Bank; review email from attorney Scott Olson re ranch insurance issues; | 0.30 350.00/hr | 105.00 |
| | MDB | Telephone call to attorney Chandler; draft email to attorney Meyer re confirmation order; review email from attorney Meyer; draft email to attorney Scott Olson re proposed confirmation order; | 0.40 350.00/hr | 140.00 |
| | MDB | Review emails from attorney Scott Olson re confirmation order/plan issues; draft emails to attorneys Olson, Chandler and Meyer; draft proposed confirmation order draft - forward to all attorneys for review; review email from attorney Olson re draft order or amended plan; draft email to attorney Olson re same; | 0.70 350.00/hr | 245.00 |
| | MDB | Telephone call from attorney Scott Olson; review email from attorney Olson re insurance; | 0.30 350.00/hr | 105.00 |
| | MDB | Review email from Jayne re Asset Investment, Inc. tax return issue; | 0.10 350.00/hr | 35.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/11/12 | MDB | Review emails from attorney Scott Olson; draft email to attorney Olson; | 0.20 350.00/hr | 70.00 |
| | MDB | Court appearance re confirmation of plan; conference with attorney Chandler; | 1.00 350.00/hr | 350.00 |
| | MDB | Draft email to attorney Meyer; draft emails to attorney Olson re plan terms and confirmation order; review email from attorney Olson; | 0.30 350.00/hr | 105.00 |
| | MDB | Draft email to attorney Olson re amendment ot plan; | 0.10 350.00/hr | 35.00 |
| | MDB | Telephone call to attorney Chandler re attorney Meyer and amending Plan and getting Plan confirmation order prepared; | 0.10 350.00/hr | 35.00 |
| 4/13/12 | MDB | Draft email to attorney Meyer; review email from attorney Meyer; | 0.20 350.00/hr | 70.00 |
| 4/18/12 | MDB | Review email from attorney Meyer; telephone call to attorney Chandler; draft email to attorney Meyer; | 0.40 350.00/hr | 140.00 |
| 4/19/12 | MDB | Review email from attorney Olson; draft email to attorney Olson re status of amendment to plan; | 0.10 350.00/hr | 35.00 |
| 4/20/12 | MDB | Review emails from attorney Olson re status conference; telephone call to court calendar clerk re status conference continuance request; draft emails to attorney Olson re status conference. | 0.60 350.00/hr | 210.00 |
| 4/23/12 | MDB | Telephone call from attorney Chandler re amendment to Plan re class for Willamette Capital - Order confirming Plan; | 0.20 350.00/hr | 70.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/24/12 | MDB | Review email from attorney Chandler re draft revision to RMS Plan and draft confirmation order; draft email to attorney Chandler re same; | 0.20 350.00/hr | 70.00 |
| | MDB | Telephone call from attorney Chandler; review email from attorney Scott Olson re plan/confirmation order issues; | 0.30 350.00/hr | 105.00 |
| 4/25/12 | MDB | Review email from attorney Chandler re RMS amended plan; | 0.10 350.00/hr | 35.00 |
| 5/4/12 | MDB | Review emails from attorney Meyer, attorney Chandler and attorney Olson; telephone call to attorney Chandler; telephone call to attorney Chandler re final order; telephone call from Jayne; telephone call to attorney Chandler; | 0.30 350.00/hr | 105.00 |
| 5/10/12 | MDB | Review email from attorney Olson; draft email to attorney Olson; draft email to attorney Meyer; | 0.30 350.00/hr | 105.00 |
| 5/11/12 | MDB | Review message from Jayne re water bill; review email from attorney Meyer; draft email to attorney Meyer re grazing lease and water bill; draft email to Jayne re water bill and copy of existing grazing lease; review email from attorney Olson re grazing lease and water billings; | 0.60 350.00/hr | 210.00 |
| | MDB | Telephone call to Jayne; draft email to attorney Meyer re status as related by Jayne on water bills and "receiver" for Willamette; draft email to attorney Meyer; telephone call from Mark Shaffer; | 0.60 350.00/hr | 210.00 |

RMS Properties, LLC                                          Page    9

|                                          | Hours | Amount     |
| ---------------------------------------- | ----- | ---------- |
| For professional services rendered       | 25.70 | $8,995.00  |

Additional charges:

| 1/19/12- | California Secretary of State   |        25.00 |
| 2/9/12-  | Secretary of State UCC service  |        35.00 |
| 2/14/12- | Complaint fee                   |       293.00 |

| Total costs               | $353.00   |

| Total amount of this bill | $9,348.00 |

| Balance due               | $9,348.00 |

LAW OFFICES OF MIKEL D. BRYAN, P.C.
550 Doyle Park Drive
Santa Rosa CA 95405
(707)528-1231

Tax ID #71-0929984

May 29, 2012

Invoice submitted to:

RMS Properties, LLC
Jayne Slayton
PO Box 4343
Santa Rosa CA 95402

In Reference To:   RMS Secured Claim of Delivery Associates, Inc.

Professional services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/23/12 | MDB | Research re warehouseman's lien; telephone call to Jayne re bailment authority; draft email to attorney Meyer; | 0.70 350.00/hr | 245.00 |
| 2/24/12 | MDB | Review email from attorney Chandler re Delivery Service claim; | 0.10 350.00/hr | 35.00 |
| 4/19/12 | MDB | Review emails from attorney Meyer; telephone call from Jayne; draft email to attorney Meyer re tax issue; research re secured interest of Delivery Associates; | 1.50 350.00/hr | 525.00 |
|  | MDB | Draft email to attorney Meyer re claim of Delivery Associates, Inc. re need for warehouse receipt or agreement under Comm. Code section 7209 (a); | 0.20 350.00/hr | 70.00 |
| 5/8/12 | MDB | Telephone call from attorney Meyer re claim of creditor Delivery Associates; | 0.20 350.00/hr | 70.00 |
| 5/9/12 | MDB | Telephone call to Jayne re furniture "security"; | 0.20 350.00/hr | 70.00 |
|  | MDB | Telephone call from Jayne re furniture; | 0.20 350.00/hr | 70.00 |

RMS Properties, LLC

Page    2

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 5/11/12 | MDB Telephone call from Jayne; draft email to attorney Meyer re warehouse receipt issue; review email from Jayne re water payments; | 0.20 350.00/hr | 70.00 |
| | MDB Review emails from attorney Meyer re letter to Delivery Associates' counsel and designer re claim of Delivery Associates and security interest in furniture; telephone call to Jayne; draft emails to attorney Meyer re same; review email from attorney Meyer; draft email to attorney Meyer re proposed letter to Delivery Associates, et al; | 0.60 350.00/hr | 210.00 |
| | For professional services rendered | 3.90 | $1,365.00 |
| | Balance due | | $1,365.00 |

LAW OFFICES OF MIKEL D. BRYAN, P.C.
550 Doyle Park Drive
Santa Rosa CA 95405
(707)528-1231

Tax ID #71-0929984

May 29, 2012

Invoice submitted to:

RMS Properties, LLC
Jayne Slayton
PO Box 4343
Santa Rosa CA 95402

In Reference To:   RMS Fee Application

Professional services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/22/12 | MDB | Begin draft of Fee Application; | 1.00 350.00/hr | 350.00 |
| 5/23/12 | MDB | Complete draft of Fee Application; prepare Notice of Continued Status Conference; telephone call to court calender clerk re Continued Status Conference; file Continued Status Conference Notice with court re AP with Willamette Capital; telephone call to Jayne re same; | 2.00 350.00/hr | 700.00 |
| | | For professional services rendered | 3.00 | $1,050.00 |
| | | Balance due | | $1,050.00 |

1
2
3
4
5
6
7
8
9
10
11
# EXHIBIT 3
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 3
Declaration of Mikel D. Bryan in Support of Fee Application



TELEPHONE 707-528-1231
FACSIMILE 707-528-3143

mikel@mdbryanlaw.com

## MIKEL D. BRYAN, P.C.

## ATTORNEY AND MEDIATION SERVICES

**EDUCATION:**   **UNIVERSITY OF THE PACIFIC, McGEORGE SCHOOL OF LAW,**
Sacramento, California, Class of 1978. Class Standing: Top 15%;
Honors: Outstanding Oralist-International Moot Court Competition;
Two Year Tuition Scholarship Recipient ; Dean's Honor Roll; Permanent
Membership in Traynor Honor Society, the Scholastic Honor
Organization of McGeorge School of Law.

**HUMBOLDT STATE UNIVERSITY,** Arcata, California. Graduated
Cum Laude, 1972; September 1972 to December 1972, working on
Lifetime Teaching Credential. September 1967 to March 1972, B.A. in
History, Minor in Mathematics

**UNIVERSITY OF NEVADA AT LAS VEGAS,** Las Vegas, Nevada.
Summer Sessions of 1973 and 1974, working on Lifetime Teaching
Credential.

**EXPERIENCE:**   **MIKEL D. BRYAN, A PROFESSIONAL CORPORATION**
January 2, 2003 to present
550 Doyle Park Drive
Santa Rosa, California 95405
(707) 528-1231

Litigation and mediation of civil disputes and business matters, as well
as transactional and litigation services to individual and business clients,
emphasizing construction and real estate matters before all Courts.
Offering full mediation and alternative dispute resolution services.

**SOLE PRACTITIONER - LAW OFFICES OF MIKEL D. BRYAN**
May 1, 2002 to January 2, 2003
550 Doyle Park Drive
Santa Rosa, CA 95405
(707) 528-1231

Litigation and mediation of civil disputes and business matters, as well
as transactional and litigation services to individual and business clients,
emphasizing construction and real estate matters. Offering full
mediation and alternative dispute resolution services.

**SENIOR PARTNER - LAW OFFICES OF PURTILL & BRYAN and PURTILL & BRYAN LLP**
June 1, 1995 to April of 2002
2213 Mendocino Avenue
Santa Rosa, California 95403
(707) 576-7850

Litigation and mediation of civil disputes and business matters, including transactional, litigation and bankruptcy services to individual and business clients, emphasizing construction and real estate matters, as well as personal injury, breach of contract, construction defect, and insurance litigation.

**SOLE PRACTITIONER - LAW OFFICES OF MIKEL D. BRYAN**
April 1, 1983 to June 1, 1995
2213 Mendocino Avenue
Santa Rosa, California 95403

Provided litigation, transactional and bankruptcy services emphasizing real estate and construction industries.

**CLEMENT, FITZPATRICK & KENWORTHY, INC.**
September 1979 to March 30, 1983
3333 Mendocino Avenue
Santa Rosa, California 95403

Performed attorney services as necessary in litigation and transactional matters for primarily real estate and construction clients.

**RESEARCH ATTORNEY - SONOMA COUNTY SUPERIOR COURTS**
August 1978 to September 1979
600 Administration Drive
Santa Rosa, California 95406

Performed legal research for six Superior Court judges with special emphasis on law and motion and appellate matters. Drafted legislation on behalf of the Superior Court to bring judicial arbitration to Sonoma County.

<u>**REFERENCES:**</u>  David N. Chandler, Attorney, 1747 Fourth Street, Santa Rosa, California 95404; (707) 528-4331

Jerry B. Abbott, Attorney, 2129 Fourth Street, Santa Rosa, California 95404; (707) 545-5606

Resume of Mikel D. Bryan
Page 2 of 3

**OTHER ACTIVITIES:**     Superior Court Settlement Conference Panelist; Court-Appointed Discovery Referee for Sonoma County Superior Court; Sonoma County Superior Court Discovery Facilitator Panelist, Sonoma County No-Fee Mediation Program Panelist: Bankruptcy Court Northern District of California-BRDP Panelist

**MEMBERSHIPS &**
**DISTINCTIONS:**     California and Sonoma County Bar Associations, Who's Who in American Law.